ELIZABETH YU
Senior Counsel
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C.  20044-7611
(202) 514-2277

ALLAN B.K. URGENT
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
(973) 297-2079

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MAHOGANY COMPANY OF MAYS LANDING, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. |

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorney, acting at the request of the United States Environmental Protection Agency ("EPA"), files this complaint and alleges as follows:

**NATURE OF THE ACTION**

1.  This is a civil action under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, ("CERCLA"), 42 U.S.C. § 9607, for the recovery of certain costs incurred by the United States in response to releases and threatened

releases of hazardous substances into the environment at or from the Superior Barrel and Drum Site ("Site") located in Gloucester County, New Jersey.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331 and 1345, and Sections 107 and 113(b) of CERCLA, 42 U.S.C. §§ 9607 & 9613(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the releases or threatened releases of hazardous substances that gave rise to this claim occurred in this district, and because the Site is located in this district.

## DEFENDANT

4. Mahogany Company of Mays Landing, Inc. ("Mahogany") is a New Jersey corporation. Mahogany has or had facilities located in Mays Landing, New Jersey. Mahogany is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## STATUTORY BACKGROUND

5. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of such abatement and related enforcement activities, which are known as "response" actions, 42 U.S.C. §§ 9604(a), 9601(25).

6. Under Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1):

>Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment.

7. For CERCLA response actions and enforcement purposes, the Administrator of EPA is the President's delegate, as provided in operative Executive Orders, and, within certain limits, the Regional Administrators of EPA have been re-delegated this authority.

8. "Facility" is defined in CERCLA Section 101(9) as "any building, structure, installation, equipment, pipe or pipeline" or "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed . . . ." 42 U.S.C. § 9601(9).

9. "Release" is defined in CERCLA Section 101(22) as "any spilling, leaking, pumping, pouring, emitting, emptying, discharging, injecting, escaping, leaching, dumping or disposing into the environment (including the abandonment or discarding of barrels, containers, and other closed receptacles containing any hazardous substance or pollutant or contaminant) . . . ." 42 U.S.C. § 9601(22).

10. "Disposal" is defined in CERCLA Section 101(29) by reference to the Solid Waste Disposal Act (SWDA). 42 U.S.C. § 9601(29). The SWDA defines "disposal" as "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters." 42 U.S.C. § 6903(3).

11. "Treatment" is defined in CERCLA Section 101(29) by reference to the SDWA. 42 U.S.C. § 9601(29). The SWDA defines "treatment" as

> any method, technique, or process, including neutralization, designed to change the physical, chemical, or biological character or composition of any hazardous waste so as to neutralize such waste or so as to render such waste nonhazardous, safer for transport, amenable for recovery, amenable for storage, or reduced in volume. Such term includes any activity or processing designed to change the physical form or chemical composition of hazardous waste so as to render it nonhazardous.

42 U.S.C. § 6903(34).

12. "Hazardous substance" is defined in CERCLA Section 101(14) by reference to other federal statutes and by reference to a list of substances published by EPA at 40 C.F.R. § 302.4. 42 U.S.C. § 9601(14).

13. "Response," as defined in CERCLA Section 101(25), includes "removal" actions and enforcement activities related thereto. 42 U.S.C. § 9601(25).

14. "Person" is defined in CERCLA Section 101(21) as "an individual, firm, corporation . . . ." 42 U.S.C. § 9601(21).

15. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section –
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility . . . owned or operated by another party or entity and containing such hazardous substances,
> . . .
>
> shall be liable for –
>
>> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan.

4

16. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides that interest on response costs incurred by the United States is recoverable.

17. Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides that in actions for recovery of costs, "the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."

## GENERAL ALLEGATIONS

18. The Site consists of about 5.5 acres of property located at 798-830 Jacob Harris Lane, Elk Township, Gloucester County, New Jersey and is designated Block 30, Lot 4 on the official tax map of Elk Township, Gloucester County.

19. Superior Barrel and Drum Co., Inc., a New Jersey corporation, and its principal, Thomas Toy, operated a drum reconditioning and disposal business at the Site. The property was, at relevant times, owned by Thomas Toy and Melva Toy. The business began as a sole proprietorship in approximately 1974, and Superior Barrel was incorporated in 1979.

20. Superior Barrel operated at the Site until approximately 2012.

21. During Superior Barrel's years of operation, various companies arranged with Superior Barrel for drums and/or other containers which contained residues or other amounts of hazardous substances in their possession to be removed to the Site for treatment or disposal. Mahogany was a company that arranged with Superior Barrel for drums and totes that contained residues or other amounts of hazardous substances in its possession to be removed from its facilities in Mays Landing to the Site for treatment or disposal. The drums and totes were taken to the Site. Such hazardous substances have been found at the Site.

22. In August 2013, Gloucester County personnel and New Jersey Department of Environmental Protection ("NJDEP") personnel inspected the Site and conducted field screenings, after which NJDEP requested EPA's assistance in investigating the Site.

23. On August 30, 2013, EPA personnel inspected the Site. Thousands of containers were observed at the Site, in various states of deterioration. NJDEP conducted additional field screening. Field testing of samples indicated that materials were corrosive, flammable, and/or contained volatile organic compounds ("VOCs"). NJDEP referred the Site to EPA for response to the conditions at the Site, including performance of cleanup and removal activities.

24. On September 13, 2013, EPA initiated a removal assessment at the Site. Analysis of samples taken in September 2013 identified the presence of numerous CERCLA hazardous substances, including, but not limited to, benzene, toluene, trichloroethylene, tetrachloroethylene, ethylbenzene, xylene, polychlorinated biphenyls ("PCBs"), lead, acetone, styrene, cyclohexane, cobalt, manganese, zinc, arsenic, copper, cadmium, nickel, antimony, butanol, naphthalene, phenol, methyl ethyl ketone ("MEK"), phthalates, and acetic acid. Thousands of containers were identified. A large proportion were weathered and in poor condition

25. Based on the removal assessment, EPA determined that a removal action was warranted to address the presence of hazardous substances at the Site. In 2013-2014, EPA conducted a removal action, including securing the Site, sampling various media, removal of containers of hazardous substances, decontamination of tanks, clean-up of chemical storage and process areas, and off-site disposal of materials removed from the Site.

26. The Site is a "facility" as defined in Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

27. There has been a "release" or a "threatened release" of "hazardous substances" into the "environment" at or from the Site, as those terms are defined in Section 101 of CERCLA, 42 U.S.C. § 9601.

28. In undertaking response actions to address the release or threat of release of hazardous substances at the Site, the United States, through EPA, has incurred and will continue to incur "response costs" as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

29. EPA has incurred at least $6,701,878.78 through May 31, 2019, in response to the Site.

30. The response costs incurred by EPA in connection with the Site were incurred in a manner not inconsistent with the National Contingency Plan promulgated under Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

## **CLAIM FOR RELIEF**

31. Paragraphs 1 through 30 are re-alleged and incorporated herein by reference.

32. Mahogany is liable under Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3), with respect to the Site because Mahogany is a person who arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of drums and totes it owned or possessed that contained hazardous substances that were brought to the Site, which contained such hazardous substances at the time of EPA's removal action.

33. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Mahogany is liable to the United States for all response costs incurred by the United States, including enforcement costs, relating to the Site, plus accrued interest on those costs.

34. Under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment on liability against Mahogany that will be binding in any subsequent action to recover further response costs incurred by the United States in connection with the Site.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

a. Enter judgment in favor of the United States and against Mahogany for all response costs incurred by the United States relating to the Site, including enforcement costs, and prejudgment interest, pursuant to Section 107(a)(4)(A) of CERCLA, 42 U.S.C. § 9607(a)(4)(A);

b. Enter a declaratory judgment on Mahogany's liability that will be binding in any subsequent action for further response costs or for natural resource damages, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2); and

c. Grant such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    THOMAS A. MARIANI, JR.
    Section Chief
    Environmental Enforcement Section
    Environment and Natural Resources Division
    United States Department of Justice

    s/ Elizabeth Yu
    ELIZABETH YU
    Senior Counsel
    Environmental Enforcement Section
    Environment and Natural Resources Division
    United States Department of Justice
    P.O. Box 7611, Ben Franklin Station
    Washington, DC 20044-7611
    (202) 514-2277
    elizabeth.yu@usdoj.gov

                                CRAIG CARPENITO
                                United States Attorney
                                District of New Jersey

                                ALLAN B.K. URGENT
                                Assistant United States Attorney
                                District of New Jersey
                                United States Attorney's Office
                                970 Broad Street, 7th Floor
                                Newark, New Jersey 07102
                                (973) 297-2079

OF COUNSEL:

GERARD BURKE
Office of Regional Counsel
U.S. Environmental Protection Agency, Region II
290 Broadway, 17th Floor
New York, NY 10007-1855
(212) 637-3120

CERTIFICATION UNDER LOCAL CIVIL RULE 11.2

In accordance with 28 U.S.C. § 1746, I hereby certify, under penalty of perjury, that the matter in controversy in the foregoing Complaint is also the subject of another action pending in this court, Civil No. 19-18472, and the parties to that action are Plaintiff, the United States of America, and the following Defendants: Cassidy Painting Inc.; Cleveland Steel Container Corporation; Coating Development Group, Inc.; Congoleum Corporation; Durand Glass Manufacturing Company, LLC; Expert Management Inc.; Atlantic Associates International Incorporated, d/b/a Hibrett Puratex; Incineration Recycling Services, Inc.; Johnson Matthey Inc.; LCRES Holdings, Inc.; LCR Embedded Systems, Inc.; LCR Electronics, Inc.; Martin Corp.; National Casein of New Jersey; National Chemical Laboratories of Pa., Inc.; Occidental Chemical Corporation; Ocean Yachts, Inc.; Polymeric Systems Inc.; PRC-DeSoto International, Inc.; Puritan Products, Inc.; Recycle Inc. East; R.H. Sheppard Co., Inc.; Richland Glass Co., Inc.; Rohm and Haas Company; The Sherwin-Williams Company; Stem Brothers, Inc.; Straight Arrow Products, Inc.; Thermoseal Industries LLC; Trex Properties LLC; United Asphalt Co.; VP Racing Fuels, Inc.; and The Worthington Steel Company.

           s/ Elizabeth Yu_____
           ELIZABETH YU
           Senior Counsel
           Environmental Enforcement Section
           Environment and Natural Resources Division
           United States Department of Justice
           P.O. Box 7611, Ben Franklin Station
           Washington, DC 20044-7611
           (202) 514-2277
           elizabeth.yu@usdoj.gov

JS 44 (Rev. 09/19) CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Elizabeth Yu, U.S. Department of Justice, ENRD/EES
P.O. Box 7611, Washington, D.C. 20044 (202) 514-2277

## DEFENDANTS
Mahogany Company of Mays Landing, Inc.

County of Residence of First Listed Defendant  Atlantic County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Daniel Flynn, Greenbaum Rowe Smith & Davis LLP, 75 Livingston Avenue, Roseland, NJ 07068-3701 (732) 476-2678

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- [X] 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 9607
Brief description of cause:
Action for cost recovery for cost of performance of CERCLA removal action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  need to add
DOCKET NUMBER  need to add

DATE: 09/27/2019
SIGNATURE OF ATTORNEY OF RECORD: s/ Elizabeth Yu

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.